United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MURRAY STEVEN WEBER, *dba Weber Tractor Service*,<br><br>    Defendant.<br>_____/ | No. C-12-2038 EMC<br><br>**<u>RELATED TO</u>**<br><br>No. C-12-2039 EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS FOR ENTRY OF JUDGMENT**<br><br>**(Docket No. 19)** |
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MURRAY STEVEN WEBER, *dba Weber Tractor Service*,<br><br>    Defendant.<br>_____/ | |

Currently pending before the Court are Plaintiffs' motions for entry of judgment – one for Case No. C-12-2038 EMC case and one for Case No. C-12-2039 EMC. No opposition briefs have been filed.

In each case, Plaintiffs sued Defendant Murray Steven Weber for failure to make contributions to employee trust funds. In each case, Plaintiffs and Mr. Weber settled the action. In the first action, Mr. Weber agreed to pay the trust funds at issue the sum of $40,294.83 (in 24 monthly installments of $1,678.95). In the second action, Mr. Weber agreed to pay the sum of $91,411.65 (in 24 monthly installments of $3,808.82). In each case, the parties agreed that Mr. Weber would have up to 10 days to cure a default upon receipt of a written notice of default to be telefaxed to him. The parties also agreed that, upon failure to cure, the entire remaining balance would become immediately due and payable. Finally, in stipulations attached to the settlement agreements, the parties agreed that this Court would retain jurisdiction to enforce the settlement agreements. *See generally* Hagan Decls., Exs. A (settlement agreements).

In each case, Mr. Weber failed to make any monthly installment within the agreed-upon timeframe. *See* Hagan Decls. ¶ 9. Thereafter, Plaintiffs sent notices of written default to Mr. Weber. *See* Richman Decls., Exs. A (notices). Mr. Weber failed to cure the defaults. *See* Hagan Decls. ¶ 11. Accordingly, under the terms of the parties' settlement agreement, the principal became immediately due and payable. The Court therefore agrees with Plaintiffs that they are entitled to judgment in the following amounts: $40,294.83 in Case No. C-12-2038 EMC and $91,411.65 in Case No. C-12-2039 EMC.

The only question remaining is whether Plaintiffs are entitled to post-judgment interest at the rate of 10% (as requested in their proposed judgments). Title 28 U.S.C. § 1961 provides for post-judgment interest, *see* 28 U.S.C. § 1961(a) (providing that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court"), but "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* Plaintiffs have not provided any explanation as to why this rate should not apply in the instant case or why the proposed 10% rate is otherwise justified. Accordingly, the Court shall allow for post-judgment interest but at the rate provided for in § 1961. *See* http://www.uscourts.gov/FormsAndFees/Fees/PostJudgementInterestRates.aspx (last visited

United States District Court
For the Northern District of California

1  November 27, 2012); http://www.federalreserve.gov/releases/h15/current/ (last visited November 27, 2012).

This order disposes of Docket No. 19 in each case.

IT IS SO ORDERED.

Dated:  December 10, 2012

_____
EDWARD M. CHEN
United States District Judge